UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MARSHALL TOMPKINS,<br><br>    Plaintiff,<br><br>v.<br><br>S. THOMAS, et al.,<br><br>    Defendants. | Case No. 1:22-cv-01415-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL TO REPRESENT PLAINTIFF AT SETTLEMENT CONFERENCE<br><br>(ECF No. 19) |

    Shawn Thompkins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

    On January 27, 2023, Plaintiff filed a motion for appointment of pro bono counsel to represent him at a settlement conference. (ECF No. 19). Plaintiff asks for appointment of counsel because he is disabled and given Americans with Disabilities Act accommodations; because he is unable to read of his own accord; and because he is a patient admitted in a mental health facility at the PIP level of care.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claims.  Finally, a settlement conference has not been set, and Defendants may opt out of the conference.  (<u>See</u> ECF No. 18).

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel to represent him at a settlement conference is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 31, 2023**              /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE