1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    SHAWN MARSHALL TOMPKINS,              Case No. 1:22-cv-01415-EPG (PC)

12              Plaintiff,                  ORDER DENYING PLAINTIFF'S MOTION
                                            FOR RECONSIDERATION
13         v.
                                            (ECF No. 21)
14    S. THOMAS, et al.,

15              Defendants.

16

17         Shawn Thompkins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action.

19         On January 31, 2023, the Court issued an order denying Plaintiff's motion for

20   appointment of pro bono counsel to represent Plaintiff at a settlement conference, without

21   prejudice.  (ECF No. 20).  On February 9, 2023, Plaintiff filed what the Court construes as a

22   motion for reconsideration.  (ECF No. 21).

23         Under Federal Rule of Civil Procedure 60(b),

24         [o]n motion and just terms, the court may relieve a party or its legal representative
           from a final judgment, order, or proceeding for the following reasons: (1) mistake,
25         inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that,
           with reasonable diligence, could not have been discovered in time to move for a
26         new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or
           extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
27         judgment is void; (5) the judgment has been satisfied, released, or discharged; it is
           based on an earlier judgment that has been reversed or vacated; or applying it
28

                                             1

prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (citation and internal quotation marks omitted).

While Plaintiff makes several legal arguments as to why he believes the Court's decision was wrong, Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting reconsideration. Moreover, as the Court pointed out in its prior order, "a settlement conference has not been set, and Defendants may opt out of the conference. (See ECF No. 18)." (ECF No. 20, p. 2).

Plaintiff also requests to have a prisoner of his choosing assist him with the settlement conference if this motion is denied. However, as discussed above, no settlement conference has been set. Further, Plaintiff cites to no authority allowing the Court to grant such a request.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's filing, which the Court construes as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2023**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE