**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN MARSHALL TOMPKINS,<br><br>             Plaintiff,<br><br>      v.<br><br>S. THOMAS, et al.,<br><br>             Defendants. | Case No.: 1: 22-cv-1415 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PARTIES' REQUESTS FOR JUDICIAL NOTICE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 27, 28, 38, and 41) |

Shawn Tompkins asserts he suffered violations of his civil rights while confined at the Wasco State Prison Reception Center. Plaintiff contends Defendants used excessive force in violation of the Eighth Amendment in an incident that occurred on March 27, 2020. (Docs. 1, 12.) Defendants move to dismiss the complaint, asserting Plaintiff's claim is barred under the favorable termination rule of *Heck v. Humphrey* 512 U.S. 477 (1994), because success on the merits would imply the invalidity of a Rules Violation Report and state court conviction related to the underlying incident. (Doc. 27.)

The magistrate judge noted Defendants sought judicial notice of documents from the criminal case and related RVR, and Plaintiff requested judicial notice of the prison grievances that he filed related to the incident. (Doc. 41 at 8-10.) The magistrate judge found judicial notice was proper for the state court criminal documents. (*Id.* at 9.) In addition, the magistrate judge found judicial notice was appropriate for the RVR documents and grievances for the limited purpose of resolving the pending motion, without accepting the accuracy or assuming the truth of the allegations contained in

the documents. (*Id.* at 9-10.) Thus, the magistrate judge recommended the Court recommend the requests for judicial notice be granted in part. (*See id.*)

The magistrate judge noted that in the criminal case, "Plaintiff pleaded no-contest as to… one count of violating California Penal Code § 69 as to Defendant Salazar." (Doc. 40 at 12.) In addition, the magistrate judge noted that in his opposition to the pending motion, "Plaintiff concedes that [during the criminal action and plea proceedings] he stipulated to the allegations in the criminal complaint." (*Id.* at 10.) The criminal complaint incorporated a report by prison officials related to the underlying incident and addressed the use of force—if any—by each of the defendants to stop Plaintiff from attacking prison staff. (*Id.* at 12-13.) The magistrate judge observed that "under *Heck*, Plaintiff 'cannot stipulate to the lawfulness' of Defendants use of force in the criminal case "and then use the 'very same act' to allege an excessive force claim under § 1983." (*Id.* at 14, quoting *Sanders v. City of Pittsburg*, 14 F.4th 968, 972 (9th Cir. 2021).) The magistrate judge determined:

> Because the facts that Plaintiff agreed to in his criminal proceedings—that he was the aggressor who attacked Defendants without provocation, that certain Defendants only used their physical strength and holds to subdue him, and that other Defendants used no force at all—are fundamentally inconsistent with his excessive-force allegations in the complaint, he cannot pursue his claim in this case, until his criminal conviction is invalidated.

(*Id.*) Likewise, the magistrate judge found Plaintiff's allegations and claim conflicted with the RVR finding of guilt, which was not expunged. (*Id.* at 15.) Therefore, the magistrate judge recommended "Defendants' motion to dismiss based on the favorable termination rule be granted and that this case be dismissed." (*Id.* at 14; *see also id.* at 16.)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 30 days. (Doc. 41 at 16.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated May 1, 2024 (Doc. 41) are **ADOPTED**.
2. Defendants' request for judicial notice (Doc. 28) is **GRANTED** in part.
3. Plaintiff's request for judicial notice (Doc. 38) is **GRANTED** in part.
4. Defendants' motion to dismiss (Doc. 27) is **GRANTED**.
5. The action is **DISMISSED** without prejudice.
6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 6, 2024**

UNITED STATES DISTRICT JUDGE